UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Richard W. DONALDSON<br>    *Plaintiff*,<br><br>v.<br><br>WESTFIELD AMERICA, INC.,<br>TRUMBULL SHOPPING CENTER #2<br>LLC, WESTFIELD PROPERTY<br>MANAGEMENT LLC, and TARGET<br>CORPORATION,<br>    *Defendants*. | 3:21-CV-00209 (KAD)<br><br><br><br><br>MARCH 29, 2021 |

## ORDER OF REMAND

Kari A. Dooley, United States District Judge:

On February 19, 2021, Defendant Target Corporation ("Target") removed this action from Connecticut Superior Court. *See Richard W. Donaldson v. Westfield America, Inc., et al.*, No. FBT-CV21-6103845-S. The state court complaint was filed on January 20, 2021. In its Notice of Removal, ECF No. 1, Target invoked diversity jurisdiction as the basis for this Court's subject matter jurisdiction and stated that co-defendants did not oppose removal. Target did not, however, establish that Defendants Trumbull Shopping Center #2 LLC and Westfield Property Management LLC (the "LLC Defendants") were not citizens of Connecticut by providing the citizenship of all of the LLC's constituent members, as required by this Court's Standing Order on Removed Cases. The Court provided three opportunities for Defendants to carry this burden. *See* ECF Nos. 13, 15, and 18. On March 26, 2021, the LLC Defendants and Defendant Westfield America, Incorporated ("Westfield America") together posted a notice to the Court stating that the LLC Defendants were unable to demonstrate their citizenship for purposes of the Court's subject matter jurisdiction, and that both the LLC Defendants and Westfield America "preferred" that the matter be remanded.

A defendant seeking removal on the basis of diversity jurisdiction bears the burden of establishing that that the requirements for diversity jurisdiction are met. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000). Title 28, Section 1446(b) of the United States Code allows the removing defendant thirty days from "receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" to file a notice of removal. Further, where, as here, a case is removed pursuant to 28 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). This is known as the "rule of unanimity." *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012). *See also Abdullah v. Erdner Bros, Inc.*, No. 3:14-CV-01742-VAB, 2015 WL 1190141, at *3 (D. Conn. Mar. 16, 2015); *Edelman v. Page*, 535 F. Supp. 2d 290, 292 (D. Conn. 2008). "Failure of any defendant to provide its written consent within the applicable thirty-day period renders the petition for removal untimely." *Edelman*, 555 F. Supp. 2d at 293 (citations omitted).

There are two fatal flaws with the removal proceedings in this case. First, the LLC Defendants' citizenship has not been established, and, therefore, Target has not met its burden of establishing that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). In addition, the LLC Defendants and Westfield America did not provide written consent to removal within the thirty-day period for filing a notice of removal. Indeed, Target's Notice of Removal stated only that co-defendants did not oppose removal, and subsequent filings indicate that the LLC Defendants and Westfield America do not consent to removal insofar as they specifically "prefer remand." Remand would therefore be required even if it had been established that the LLC Defendants' citizenship does not encompass Connecticut. *See Edelman*, 535 F. Supp. 2d at 293

("[T]he rule of unanimity applies regardless of whether federal subject matter jurisdiction is based on diversity or federal question.").

Accordingly, this matter is remanded back to the Connecticut Superior Court, Judicial District of Fairfield at Bridgeport. *Royal Ins. Co. v. Jones*, 76 F. Supp. 2d 202, 204 (D. Conn. 1999) ("[A] court lacking subject matter jurisdiction over a removed action must remand that action to state court *sua sponte* or on motion"); *see also United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (recognizing that lack of subject matter jurisdiction may be raised *sua sponte* by the Court and that "[w]here jurisdiction is lacking . . . dismissal is mandatory"). The Clerk of the Court is directed to: (1) remand this matter to the Connecticut Superior Court, Judicial District of Fairfield at Bridgeport, pursuant to 28 U.S.C. § 1447(c), and (2) close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 29th day of March 2021.

        */s/ Kari A. Dooley*
        KARI A. DOOLEY
        UNITED STATES DISTRICT JUDGE